# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2023

Lyle W. Cayce
Clerk

————————

No. 23-20294
Summary Calendar

————————

Roy Lee Weeks, Jr.,

*Plaintiff—Appellant*,

*versus*

Nationwide Mutual Insurance Company,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-4138

———————————————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Plaintiff–Appellant Roy Lee Weeks, Jr. alleges that his former employer, Defendant–Appellant Nationwide Mutual Insurance Company, discriminated against him on the basis of age and race. The district court granted Nationwide's motion for summary judgment. Weeks appeals. We review a grant of summary judgment de novo, "applying the same standards

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20294

as the trial court." *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Weeks first challenges the district court's resolution of his claim of race discrimination under 42 U.S.C. § 1981.[1] In such cases, the court applies the familiar *McDonnell Douglas* framework, in which the plaintiff must first establish a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). If the plaintiff does so, the burden then shifts to the employer to "articulate a legitimate, nondiscriminatory reason for the termination." *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015) (citation omitted). If the employer is successful, the burden returns to the plaintiff, who must demonstrate by a preponderance of the evidence that "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (citation omitted).

Regardless of Weeks's ability to establish a prima facie case of discrimination, he fails at step three, as he cannot show that Nationwide's proffered non-discriminatory reasons for its challenged employment actions are pretextual. For example, in 2018 Nationwide decided to assign Weeks to a particular team after conducting an assessment of all managers, which took into consideration the employees' skills, geographic location, and personal preference, among other factors. Weeks claims that his performance reviews—higher than that of a comparator assigned to an allegedly better unit—reveal that Nationwide's reason for the 2018 reassignment is "false or

---

[1] Before the district court and again here, Nationwide raises various statute of limitations defenses. We do not reach those issues because we find that Weeks's claims fail on their merits.

2

unworthy of credence." *Vaughn v. Woodforest Bank*, 665 F.3d 632, 637 (5th Cir. 2011) (citation omitted). But Nationwide did not decide placements based only on performance history, but also on other relevant factors such as geography, preference, technical ability, and platform skills. "Our job as a reviewing court conducting a pretext analysis is not to engage in second-guessing of an employer's business decisions." *LeMaire v. La. Dep't of Transp. and Dev.*, 480 F.3d 383, 391 (5th Cir. 2007). Similarly, Nationwide's decision to promote an employee other than Weeks in 2020 was reasonably based on the other employee's qualifications, which were stronger than those of Weeks. Because Weeks cannot demonstrate that he was "*clearly* better qualified" than the employee selected, he fails to meet his burden on the pretext prong. *See Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (emphasis added) (citation omitted). In sum, Weeks points to no evidence in the record, other than his own conclusional allegations, suggesting that Nationwide's legitimate reasons for its actions were instead a "coverup" for discrimination. *McDonnell Douglas*, 411 U.S. at 805. The district court was correct in holding that Nationwide is entitled to judgment as a matter of law on Weeks's discrimination claim.

Second, Weeks contends that the district court erred in granting summary judgment in favor of Nationwide on his hostile work environment claim. To succeed on that claim, Weeks had to show that he was subjected to unwelcome harassment based on race. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (citation omitted). Such harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) (citation omitted). It must also be "both objectively and subjectively offensive." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998). Relevant factors include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening

or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ramsey*, 286 F.3d at 268 (citation omitted). Weeks claims that the following events contributed to Nationwide's work environment being hostile: (1) Weeks's 2017 reassignment to the field team, (2) his 2018 and 2020 performance ratings of "developing," and (3) his receipt of a job elimination notice in 2019, leading to his forced demotion. However, these acts were relatively isolated and infrequent, did not physically threaten him, and did not "destroy[ his] opportunity to succeed in the workplace." *See West v. City of Houston, Texas*, 960 F.3d 736, 743 (5th Cir. 2020) (internal quotation marks and citation omitted). Weeks's allegations of harassment thus do not constitute the "extreme" circumstances necessary to support a claim of hostile environment. *See Faragher*, 524 U.S. at 788. For the same reason, Weeks's constructive discharge claim also cannot stand. *See Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001) ("Constructive discharge requires a greater degree of harassment than that required by a hostile environment claim." (citation omitted)).

The district court's grant of summary judgment is AFFIRMED.